IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PHILLIP LUMAR LOWE #2027814**<br>*Plaintiff*, | § § § | |
| v. | § § | W-20-CA-557-ADA |
| **CPT. PARKER, ET AL.,**<br>*Defendants.* | § § § § | |

## DEFENDANTS WILLIAM WHITAKER JR., COREY LEACH, BRITTNEY HAMILTON, AND BRENT BERRIDGE'S MOTION FOR SUMMARY JUDGMENT

Defendants William Whitaker Jr. ("Whitaker"), Corey Leach ("Leach") Brittney Hamilton ("Hamilton"), and Brent Berridge ("Berridge") submit this motion for summary judgment pursuant to Federal Rules of Civil Procedure 5612(b)(1) and 12(b)(6). For the reasons set forth in this motion, Whitaker, Leach, Hamilton, and Berridge are entitled to dismissal of the claims brought by Plaintiff Phillip Lumar Lowe ("Lowe").

### I. STATEMENT OF THE CASE

At the relevant times to this lawsuit, Plaintiff Lowe was an offender incarcerated in the Texas Department of Criminal Justice (TDCJ) at the Hughes Unit, in Gatesville, Texas.[1] Lowe brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Lowe has sued five former and current employees of the Texas Department of Criminal Justice alleging a laundry list of claims including an excessive use of force, deliberate indifference to serious medical needs and the failure to protect him from another offender, retaliation and other claims.

Lowe was ordered by this court to file a more definite statement and specifically detail the allegations against the Defendants Whitaker, Leach and Hamilton, the following allegations are taken

---

[1] He is currently serving a 20-year sentence for aggravated robbery. Due to the aggravated nature of his conviction, he is not eligible for mandatory supervision or discretionary mandatory supervision.

from Lowe's Original Complaint (ECF No. 1) and his More Definite Statement (ECF No. 9).

**Captain Daniel Parker-** On August 16, 2019, Lowe alleges he approached Captain Parker outside the 8 Building Chow hall and gave him notice both verbally and in writing that he was subject to an assault by his cellmate G. Gomez. Lowe alleges Parker was deliberately indifferent to a serious risk of harm. ECF No. 1 at 3 and No. 9 at 1.[2]

**Sgt. William Whitaker**- On August 17, 2019, the day after the assault, Lowe alleges he was coerced by Sgt. Whitaker to write a statement to the administration stating he was no longer in danger at the Hughes Unit. Lowe further alleges Whitaker failed to open an Office of Inspector General (OIG) investigation into the August 16 incident. Lowe alleges this activity is/was "criminal organized fraud." (ECF No. 1 at 3 and No. 9 at 3.) Lowe does not allege a physical injury from any of the actions of Whitaker.

**Correctional Officer Brent Berridge-** Lowe alleges that on September 17, 2019, Berridge was deliberately indifferent to a serious medical need and did not allow him to seek medical attention. Lowe alleges Berridge then used excessive force him when he refused to comply with orders. Lowe alleges this use of force was in retaliation for a grievance he filed regarding the incident with his cellmate. ECF No. 1 at 3 and No 9 at 2.

**Correctional Officer Corey Leach-** allegedly wrote Lowe an erroneous disciplinary case on him for fighting with another offender. Lowe claims that Leach specifically wrote "no injury had taken place." Lowe alleges this activity is/was "criminal organized fraud." ECF No. 1 at 3 and No. 9 at 4. Lowe does not allege a physical injury from any of the actions of Leach.

**Brittney Hamilton- Law Library Supervisor** allegedly denied him access to the law library denying him the opportunities to "to learn penal codes and employee roster to strengthen my lawsuit

---

[2] Defendant Parker is not moving for summary judgment at this time as Lowe has alleged facts that create a fact issue which cannot be resolved with the current record.

for criminal and federal state laws that have been broken." ECF No. 1 at 3 and No 9 at 5.  Lowe does not allege he has missed any filing deadlines in any current or past litigation.  Lowe is seeking compensatory and punitive damages.

On August 26, 2020, Defendants Parker and Berridge filed their original answer and jury demand, asserting their entitlement to qualified immunity. ECF No. 18 at 2. Defendants also asserted that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *Id.*

Defendants Leach, Whitaker and Hamilton filed a motion to dismiss on August 26, 2020, moving for dismissal of all claims pursuant to Rule 12(b)(1) and 12(b)6).  Defendants Leach, Whitaker, and Hamilton also asserted their entitlement to qualified immunity.  ECF No. 19.

On September 14, 2020, the Court converted Defendant Leach, Whitaker and Hamilton's motion to dismiss to a summary judgment.  ECF No. 26.

Defendants hereby move for summary judgment on all remaining claims.[3]

## I. MOTION FOR SUMMARY JUDGMENT

Defendants now move, pursuant to FED. R. CIV. P. 56, for summary judgment in its favor on Lowe's remaining claims. Lowe has presented no evidence supporting his assertion that his rights, as protected by the U.S. Constitution, were violated by Defendants. There is therefore no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

In support of its motion, Defendant attaches the following:

**Exhibit A:**   **Phillip Lowe's Grievances Nos. 2020001043, 20200016518, 2020019726 and 2020117304, with investigations;**

**Exhibit B:**   **Philip Lowe's Grievances Nos. 2020021472 and 2020022826 returned as untimely;**

## II. RELEVANT MATERIAL FACTS[4]

---

[3] Defendants hereby adopt and incorporate their motion to dismiss and rely upon all arguments put forth in said motion.
[4] Defendants accept these facts as true for summary judgment purposes only, and expressly reserve the right to contest these facts at trial if necessary.

3

1. At all times relevant to this lawsuit, Philip Lowe was incarcerated at the Alfred Hughes Unit in Gatesville, Texas.

2. Captain Daniel Parker, Sgt. William Whitaker Officer Corey Leach, Officer Brent Berridge and Law Librarian Brittney Hamilton were employed as correctional officers or correctional staff at the Hughes Unit during the relevant times listed in this lawsuit. .

3. On August 17, 2019, Lowe was involved in an altercation with his cellmate. ECF No. 1.

4. On September 3, 2019 Lowe filed Grievance No. 2020001043. ECF No. 1 at 013-014, Exhibit B at 059-060.  This grievance alleged he has provided Parker with sufficient information to prevent an assault and seeks a transfer off of the unit.

5. Grievance No. 2020001043 does not mention Leach, Martinez, Berridge or Hamilton.

6. On September 18, 2019, Lowe and Correctional Officer Berridge were involved in a use of force incident. ECF No. 1.

7. On October 14, 2019, Lowe filed Grievance No. 2020021472 complaining of assault and excessive force by Berridge.  This grievance was returned as untimely. Exhibit A at 006-008.

8. On October 16, Lowe filed Grievance No. 2020022826 complaining of assault and excessive force by Berridge.  This grievance was returned as untimely. *Id.* at 002-003.

9. Lowe failed to file a Step 2 appeal for Grievance No. 2020021472 and No. 2020022826. Exhibit A.

10. After the September 17, 2019, incident Berridge wrote disciplinary case No. 20200023719, alleging Lowe created a disturbance. Exhibit B at 089.

11. On October 3, 2019, Lowe attended the disciplinary hearing for case No. 20200023719. During the hearing he became disruptive and was removed.  He was found guilty and assessed 45 days of commissary and cell restriction. *Id.* at 086.

12. On October 9, 2019, Lowe filed his Step 1 Grievance No. 2020019726, specifically seeking to overturn the guilty finding of the October 3, 2019, disciplinary hearing. *Id.* at 079-80.

13. On January 31, 2020, TDCJ responded to the Step 1 Grievance No. 2020019726, finding no procedural errors and upholding the guilty finding. *Id.* at 080.

14. On February 7, 2020, Lowe timely filed his Step 2 Grievance for No. 2020019726.  Lowe again sought to overturn the guilty finding. *Id.* at 078.

15. TDCJ denied Lowe's Step 2 Grievance regarding his disciplinary case.  *Id.* at 079.

16. In March 2020, the Hughes Unit in compliance with COVID-19 protocols, restricted all

movement on the facility to help control the spread of COVID-19. *Id.* at 005 and 015.

17. Law Library access for all offenders in TDCJ was conducted via indirect access. *Id.*

18. Lowe continued to ask to personally go to the law library in person. *Id.* at 004-005.

19. On May 5, 2020, Lowe filed Step 1 Grievance No. 2020117304 alleging he was being denied "a lay in" to physically go to the law library. *Id.* at 004.

20. On June 5, 202, TDCJ responded to Lowe's Step 1 grievance, denying his allegation and explaining that he needed to request legal materials via indirect access. *Id.* at 005 and 015.

21. On June 10, 2020, Lowe timely filed his Step 2 Grievance for No. 2020117304. Lowe specifically claimed he was being denied "lay ins" to physically go to the Law Library. *Id.* at 002-003.

22. On July 10, TDCJ denied Lowe's Step 2 Grievance. *Id.* at 003.

## III. ISSUES OF LAW[5]

1. Did Lowe administratively exhaust his claims against William Whitaker Jr., Corey Leach, Brittney Hamilton and Brent Berridge, as required by §1997(e)?

2. Lowe has not stated a claim for violations of the Texas Penal Code;

3. Lowe has not identified a protected liberty interest in his due process claim against Leach.

4. Lowe Fails to State a Claim for Denial of Access to Courts against Defendant Hamilton.

5. Defendants are entitled to qualified immunity

## IV. ARGUMENT

### A. Legal principles.

#### 1. Summary judgment.

Summary judgment is appropriate if the record discloses "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016), citing FED. R. CIV. P. 56(a). "Only disputes over facts that might affect the outcome

---

[5] Issues of law 2, 3, 4, and 5 were briefed in Defendants Motion to Dismiss ECF No. 19. Defendants adopt and incorporate those arguments for this motion.

of the suit under the governing law will properly preclude the entry of summary judgment." A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the summary judgment "evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Id.* "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Anyafulu v. EquiCredit Corp. of Am.*, 16-20180, 2016 WL 7009097, at *2 (5th Cir. Nov. 30, 2016), citing *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citation omitted).

### 2. Lowe has failed to administratively exhaust as required by 42 U.S.C. § 1997e(a).

According to 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purpose of this exhaustion requirement is 1) to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and 2) to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81 (2006). Unexhausted claims *cannot be filed* in federal court. *Jones v. Bock*, 549 U.S. 199 (2007) (emphasis added). A prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001). The Supreme Court has held that the exhaustion requirement requires "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 2387.

> "The PLRA's exhaustion requirement is no-nonsense. Inmates seeking to challenge prison conditions must exhaust "such administrative remedies as are available" before challenging prison conditions in court. 42 U.S.C. § 1997e(a). The provision is mandatory, and courts have zero discretion to hear unexhausted claims. *Jones v. Bock*, 549 U.S. 199, 211

(2007). Indeed, the Supreme Court has "reject[ed] every attempt to deviate" from the PLRA's rigid exhaustion requirement, most recently in *Ross v. Blake*, where it emphatically held that there is no "special circumstances" exception. 136 S. Ct. 1850, 1855 (2016)." *Valentine v. Collier*, 956 F.3d 797 (5th Cir. 2020) *(per curiam).*

TDCJ provides a two-step procedure for processing administrative grievances and provides inmates with detailed instructions on how to do so. *Johnson v. Johnson*, 385 F.3d 503, 515–16 (5th Cir. 2004). The inmate must properly complete both the Step One complaint and Step Two appeal to exhaust his administrative remedies. *See Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). To initiate the grievance process, an inmate must first file a Step One grievance. *Johnson*, 385 F.3d at 515. A Step One grievance must be filed within fifteen days of the complained-of incident, and the grievance is addressed by the prison administration at the inmate's unit of assignment. *Id*. If an inmate is dissatisfied with the response to a Step One grievance or if he receives an adverse decision to his Step One grievance, he may file a Step Two grievance within ten days. *Id*. By filing a Step Two grievance, the inmate is effectively appealing the unit-level response. The investigations into and resolutions of Step Two grievances are handled at the state level. *Id*. An inmate must pursue a grievance through both steps for it to be considered exhausted. *Id*.

Though inmates are not required to include specific legal theories in their grievances to properly exhaust, they must however, meet a threshold of specificity in order to do so. *Johnson* 385 F.3d at 518. "In deciding how much detail is required in a given case, we believe that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials "time and opportunity to address complaints internally." *Id*. at 516 (citing *Porter v. Nussle*, 534 U.S. 516, 525, (2002)). Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit. *Id*. at 517. In addition, the level of specificity required "should be interpreted in light of the grievance rules of the particular prison system, here the TDCJ." *Johnson,* 385F.3d at 516.

Further, the amount of information necessary will likely depend on the type of problem of which the inmate is complaining. For example, the *Johnson* Court went on to state:

> "an inmate claims that a guard acted improperly, we can assume that the administrators...would want to know—"and a prisoner could ordinarily be expected to provide—" details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

Lowe has asserted to this court that he exhausted his administrative remedies against these individual defendants has required. Defendants disagree and allege that Lowe failed to properly grieve any of the complaints made in this lawsuit.

Lowe attached grievances No. 2020001043, No. 20200016518, No. 2020019726 and No. 2020117304, to his original complaint as proof that he complied with the grievance process. ECF No. 1. Defendants have attached all investigations into the four grievances listed by Lowe as Exhibit B to this motion.

### A.  Grievance No. 2020001043-August 17, 2019, incident with cellmate.

Lowe filed Grievance No. 2020001043 on September 3, 2019, regarding the incident with his cellmate. ECF No. 1 at 10-11, Exhibit B 059-060. This is the only grievance filed by Lowe regarding the alleged attack in the cell. In this grievance, Lowe describes Captain Parker's failure to take action on his behalf prior to the alleged assault. Lowe does not mention any other defendants, including Leach. To the extent Lowe alleges that he grieved all claims arising out of the August 17 incident, Grievance No. 2020001043 wholly fails to give prison "officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson*, 385 F.3d at 515.

### B.  Grievance No. 2020021472 and Grievance No. 2020022826[6]

On October 14, 2019, Lowe filed Grievance No. 2020021472 complaining of assault and

---

[6] Lowe attached neither of these grievance to his complaint.

excessive force by Berridge. Since this grievance was not filed within fifteen days of the incident, it was returned as untimely. Exhibit A at 002-003. Lowe did not file a Step 2 appealing this decision. I*d.*

On October 16, 2019, Lowe filed Grievance No. 2020022826 again complaining of assault and excessive force by Berridge. Again, this grievance was not filed within fifteen days of the incident, it was also returned as untimely. Exhibit A at 006-007. Lowe did not file a Step 2 appealing this decision. *Id.*

These are the only attempts by Lowe to properly exhaust his claims against Berridge for any of his action alleged in this lawsuit. Although it is true that Berridge is mentioned throughout several of Lowe's grievances, he either did not comply with the exhaustion procedure as required, or he requested relief wholly separate from the allegations made in the Step 1 or Step 2 complaint (see below). Lowe has failed to administratively exhaust all claims against Berridge and they must be dismissed.

### C. Grievance No. 20200016518-Complaints about Transient Housing.

Lowe filed Grievance No. 20200016518 on October 1, 2019, regarding his assignment as a G5 offender to transient housing. Lowe also attempts to grieve various verbal interactions with Berridge. Exhibit B at 017-033. Lowe does not complain about the use of force with Berridge on September 17, instead he describes comments made by Berridge several days afterwards.[7] Exhibit B at 018-019. Lowe's Step 2 Grievance is more specific regarding the relief he is seeking from prison officials, namely a transfer out of transient housing. *Id.* at 016-017. Lowe's step 2 Grievance fails to mention Berridge or any of the defendants.

---

[7] Allegations of verbal abuse or mere threatening language do not present actionable claims under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983) (quoting *Cyle v. Hughs*, 436 F.Supp. 591, 593 (W.D. Okla. 1977)) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'").

Grievance No. 20200016518 wholly fails to address any of the claims present in this matter. It is irrelevant and again failed to give prison "officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson*, 385 F.3d at 515.

### D. Grievance No. 2020019726-Disciplinary Case No. 20200023719

Lowe filed Grievance No. 2020019726 on October 9, 2019, regarding the disciplinary case he received for the use of force on September 17, 2019, with Berridge. Exhibit B at 079-080. Lowe describes the incident Berridge but does so in reference to his disciplinary case. Lowe seeks to overturn the finding by Disciplinary Captain Martinez. *Id.* at 080. In the relief requested section of the grievance, Lowe seeks another investigation into the hearing and the findings by Martinez. *Id.* Lowe's Step 2 Grievance also fails to properly exhaust any claims against Berridge (or any other defendant), again seeking to have his disciplinary case overturned.

### E. Grievance No. 2020117304-Access to Law Library

Lowe filed Grievance No. 2020117304 on May 5, 2020, complaining that he is being denied access to the law library. *Id.* at 004-005. Lowe's complaint in this grievance concerns his failure to be "laid in" for a visit to the law library. A lay in is done to allow an offender to attend an activity on the facility, such as a medical appointment or a visit to the law library. In March of 2020, COVID-19 began to impact the State of Texas. In reaction to the growing pandemic, and in the interest of public/offender safety, TDCJ began limiting movement on the facilities under General order No. 817437. *Id.* at 005, 015.

The Step 1 response indicated that TDCJ Units were on limited movement because of COVID-19 and that offenders were being given "indirect access" to the law library. Indirect access means that offenders should request those materials needed. *Id.* A review indicated that Lowe had not requested any legal materials, but instead requested "lay ins" that were prohibited under pandemic conditions. *Id.* Lowe cannot produce any grievances regarding his access to the law

library, that put the TDCJ on notice that any of its employees, including Hamilton were violating Lowe's rights or doing anything that may be violative of policy.

Lowe has failed to exhaust his administrative remedies against Berridge, Leach, Hamilton and Whitaker. His failure to exhaust is fatal to these claims and they should be dismissed with prejudice.

### 3. Defendants are entitled to qualified immunity

Qualified immunity shields government officials from liability when their conduct does not "violate clearly established statutory or constitutional law which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Wallace v. Cnty. of Comal,* 400 F.3d 284, 289 (5th Cir. 2005). Qualified immunity balances two important interests: (1) the need to hold public officials accountable when they exercise power irresponsibly and (2) the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Government officials retain the protection of qualified immunity "regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez,* 540 U.S. 551, 567 (2004)).

The qualified immunity analysis has two steps. *Pearson*, 55 U.S. at 236. "First, [the Court should] assess whether a statutory or constitutional right would have been violated on the facts alleged." *Flores v. City of Palacios,* 381 F.3d 391, 395 (5th Cir. 2004). Second, the Court should "determine whether the defendant's actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). A right is clearly established if the law is clear in a particularized sense, such that a reasonable official would be put on notice that her conduct is unlawful and violates the right in question. *Wernecke v. Garcia,* 591 F.3d 386, 392–93 (5th Cir. 2009). The order in which the two steps are

addressed is left to the discretion of the courts in light of the circumstances in the particular case at hand. *Pearson*, 55 U.S. at 236

Qualified immunity claims must be evaluated in the light of what the officer knew at the time she acted, not on facts discovered subsequently. *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 411 (5th Cir. 2009). A defendant may raise the defense of qualified immunity in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). A plaintiff seeking to overcome a defendant's qualified immunity asserted in a motion to dismiss must plead specific facts that, if true, would allow the court to draw the reasonable inference that the defendants violated a clearly established constitutional right. *Id.*

Here, Lowe fails to plead specific facts to show that Whitaker, Leach or Hamilton violated a clearly established constitutional right.

## V.   PRAYER

Defendants William Whitaker Jr., Corey Leach, Brent Berridge and Brittney Hamilton ask the Court to grant this motion and dismiss with prejudice all claims brought against them.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
Assistant Attorney General

**SHAWN COWELS**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division
Respectfully Submitted,

*/s/ BRUCE R. GARCIA*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 07631060

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 936-2109
Bruce.Garcia@oag.texas.gov

## NOTICE OF ELECTRONIC FILING

I, **BRUCE R. GARCIA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the foregoing **Motion for Summary** Judgment, in accordance with the Electronic Case Files System of the Western District of Texas, on this 6th of November 2020.

*/s/BRUCE R. GARCIA*
**BRUCE R. GARCIA**
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I, **BRUCE R. GARCIA**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the foregoing has been served to all parties of record in this case via the Court's electronic noticing system and via first class mail CMRRR on this 6th day of November 2020.

| | |
|---|---|
| Phillip Lumar Lowe, TDCJ #2027814<br>TDCJ Hughes Unit<br>3201 FM 929<br>Gatesville, TX 76597 | *CMRRR 7008 0500 0001 5048 6873* |

*/s/BRUCE R. GARCIA*
**BRUCE R. GARCIA**
Assistant Attorney General
