## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **PHILLIP LUMAR LOWE** | § | |
| **TDCJ # 2027814** | § | |
| *Plaintiff,* | § | **W-20-CV-00557-DTG** |
| | § | |
| *v.* | § | |
| | § | |
| **DANIEL PARKER, BRENT** | § | |
| **BERRIDGE,** | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Rehearing and Alter and Amend (ECF No. 126), Plaintiff's Motion for New Trial (ECF No. 128), and Plaintiff's Memorandum of Motion to Appeal for Request of New Trial (ECF No. 130). After carefully considering the briefing and applicable law, the Court **DENIES** all three motions.

### I.    FACTUAL BACKGROUND

Plaintiff sued Defendants under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleged that during his confinement in the Texas Department of Criminal Justice – Correctional Institutions Division, he reported orally and in writing to Defendant Parker that he was being harassed and threatened by another inmate. Plaintiff contends that Defendant did not take any action and the next day, Plaintiff was stabbed and tied up by the inmate.

After a jury trial, a jury returned a unanimous verdict finding that Plaintiff did not prove that Defendant demonstrated deliberate indifference to a substantial risk of serious harm to Plaintiff's safety such that Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated. ECF No. 119. Plaintiff was represented by Court-appointed counsel

during trial, but Plaintiff's counsel was permitted to withdraw after trial as the Court requested that Plaintiff's counsel represent Plaintiff at trial only.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 59, a court "may, on motion, grant a new trial on all or some of the issues—and to any party--…(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Generally, a new trial may be granted if (1) the verdict is against the clear weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions to the jury; or (4) damages are excessive. 12 Moore's Federal Practice, § 59.13[1] at 59–43 (3d Ed. 2005).

## III.     DISCUSSION

Plaintiff filed three motions, all seeking a new trial for substantially the same reasons. Plaintiff alleges that because the jury foreperson worked for TDCJ in Gatesville, Texas, she has a conflict of interest and Plaintiff did not receive an impartial trial. *See* ECF No. 126; ECF No. 128. Plaintiff further complains that a video depicting the alleged discussion between Plaintiff and Defendant was not played for the jury. *See* ECF No. 126; ECF No. 128; ECF No. 130. Given that neither Plaintiff nor Defendant was in possession of a video and did not offer any videos into evidence, the Court interprets Plaintiff's Motions as alleging error in the Court's refusal to provide a spoliation instruction to the jury.

Plaintiff does not offer any evidence of juror misconduct. That the juror foreperson worked in the prison system does not, without more, justify vacating the judgment and ordering a new trial. Plaintiff learned of the juror's occupation during voir dire, thus Plaintiff had ample opportunity to either challenge the juror for cause or exercise a peremptory strike on the juror.

Plaintiff chose to do neither. The Court declines to order a new trial based solely on the juror's occupation without proof of misconduct.

At trial, the parties disputed the propriety of a spoliation instruction in the jury charge. Plaintiff contended that the spoliation instruction was appropriate. Plaintiff was allowed to put on evidence during trial to justify a spoliation instruction. During the charge conference, the Court heard argument on the spoliation instruction. The Court did not give a spoliation instruction in the final jury charge. Plaintiff now seeks a new trial based on the failure to give this instruction, but does not provide proof of "substantial error." Plaintiff does not offer a compelling reason to vacate the judgment and order a new trial. Plaintiff has not established that a new trial is appropriate.

## IV.    CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Rehearing and Alter and Amend (ECF No. 126), Plaintiff's Motion for New Trial (ECF No. 128), and Plaintiff's Memorandum of Motion to Appeal for Request of New Trial (ECF No. 130).

SIGNED this 18th day of October, 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

3